IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**KHALIN COLLINS**  **PETITIONER**
ADC #154527

V.         CASE NO. 5:16-CV-230-BSM-BD

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**         **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Chief Judge Brian S. Miller. Either party to this suit may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If the parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

A Columbia County, Arkansas jury found Petitioner Khalin Collins guilty of commercial burglary, theft of property, and three counts of arson in February 2015. (Docket entry #1 at 24-27); *Collins v. State*, 2014 Ark. App. 551, at *1. The Arkansas Court of Appeals reversed one arson conviction and affirmed the remaining convictions. *Collins*, 2014 Ark. App. 551, at 14.

In July 2016, Petitioner Khalin Collins simultaneously filed both a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion to stay the federal proceedings. (Docket entry #1, #2) Mr. Collins's motion was granted, and the case was stayed in an August 16, 2016 Order, to allow Mr. Collins the opportunity to exhaust potential state-law claims without the risk of running afoul of the federal one-year statute of limitations for filing a federal petition. (#5)

Mr. Collins was instructed to move to reopen his federal proceedings within 30 days of the conclusion of his state proceedings. Since the August 16, 2016 Order staying this case, Mr. Collins has not communicated with the Court.

By Order issued on January 9, 2019, Mr. Collins was directed both to notify the Court within 30 days of the status of his state proceedings and to update his address or risk dismissal of the case under Local Rule 5.5(c)(2). (#6) Similarly, Respondent Kelley was ordered to provide the Court any information she had regarding Mr. Collins's custody status and the progression of his state proceedings. (*Id.*) The Court warned that, if Mr. Collins no longer met the "in custody" requirement of 28 U.S.C. § 2254(a), his claim would be dismissed for lack of jurisdiction.

The January 9th Order sent to Mr. Collins has been returned as undeliverable. (#8) Director Kelley timely responded. (#9)

### III.   Discussion:

Federal habeas relief lies only for those who are "in custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). A petitioner who has been released from prison but who remains subject to parole restrictions is

considered "in custody." *Spencer v. Kemna*, 523 U.S. 1, 6 (1998); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). In contrast, a petitioner whose sentence has fully expired and who has been unconditionally released is no longer "in custody" for habeas purposes. *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Painter v. Outlaw*, 334 Fed. App.'x 47, 48 (8th Cir. 2009). Accordingly, unless a habeas petitioner is in custody, a federal court has no jurisdiction to reach the merits of a habeas claim. *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert denied*, 502 U.S. 828 (1991).

Mr. Collins is no longer in custody. As the result of his successful pursuit of state-law claims, he was resentenced to time served and released from imprisonment in July 2018. (#9) His updated sentencing order also reflects that Mr. Collins "has no additional jail time[,] and is flat on parole . . .." (#9-1 at 4) Moreover, the Arkansas Department of Correction's Order of Discharge certifies that Mr. Collins had served "the full term" of his sentence. (#92-2 at 1) Because Mr. Collins has been fully discharged from his sentence, he is no longer in custody as contemplated by §2254. Consequently, this Court no longer has jurisdiction to hear the merits of his habeas petition, and his claims are now moot.

**III. Conclusion:**

The Court recommends that Judge Miller DENY, as moot, and DISMISS, with prejudice, Khalin Collin's petition for writ of habeas corpus (#1) for lack of jurisdiction. Furthermore, it is recommended that Judge Miller deny a certificate of appealability.

DATED this 30th day of January, 2019.

                                                                                         _____
                                                                           UNITED STATES MAGISTRATE JUDGE